UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOROTHY MUNCY,

    Plaintiff,

v.

Case No.: 8:24-cv-00302

METROPOLITAN LIFE INSURANCE
COMPANY, a Foreign Profit Corporation,

    Defendant.

_____/

**DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S
NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), removes the above-entitled action filed by Plaintiff, DOROTHY MUNCY ("Plaintiff"), in the Circuit Court of the 10th Judicial Circuit in and for Polk County, Florida, Case No. 2024CA000082000000, to this Court pursuant to 28 U.S.C. § 1441. In support of removal, MetLife respectfully alleges as follows:

I. INTRODUCTION AND PROCEDURAL REQUIREMENTS

1. 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2. 28 U.S.C. § 1332 provides in pertinent part that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the

{07120672.3}

sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

3. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. 28 U.S.C. § 1441(b) provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

5. On or about January 8, 2024, Plaintiff filed a complaint in the Circuit Court of the 10th Judicial Circuit in and for Polk County, Florida, entitled *Dorothy Muncy v. Metropolitan Life Insurance Company,* Case No. 2024CA000082000000.

6. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) ("notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based"). Plaintiff served MetLife with a notice, summons, and complaint on January 11, 2024. [Attached hereto as **Exhibit 1** is a true and correct copy of the documents served upon MetLife].

7. MetLife has not filed an answer or otherwise responded to the Complaint, and no proceedings have been had in the Circuit Court of the 10th Judicial

Circuit in and for Polk County. [Attached hereto as **Exhibit 2** is a copy of the entire state court file, which constitutes all pleadings, processes, orders and other papers served or filed in this matter].

## II. FEDERAL QUESTION JURISDICTION

8.  This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b), in that it seeks to recover benefits under an employee welfare benefit plan, and therefore arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

9.  ERISA preempts "any and all State Laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Moreover, the "carefully integrated civil enforcement provisions" of § 502 of ERISA are "intended to be exclusive." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) (internal quotations omitted). Accordingly, the United States Supreme Court has instructed that **all** state law claims related to benefits under the terms of an ERISA plan **must** be recharacterized as claims under § 502(a) of ERISA, and that such claims give rise to removal jurisdiction. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (preemptive force of ERISA operates to convert ordinary state law claims into federal claims).

10. In the Complaint, Plaintiff has sued to recover death benefits under "plan name . . . Quanta Services Inc." and alleged that "the group number is 0117195[.]" [Compl. at ¶ 8].

11. MetLife's Group Policy No. 117195-1-G insured the Quanta Services Management plan (the "Plan"), which included, *inter alia*, (1) Basic Life and Accidental Death and Dismemberment Insurance and (2) Supplemental Life and Accidental Death and Dismemberment Insurance.[1] [*See* Ex. 3 at Bates AR00001, 3, 29–38, 88].

12. Plaintiff's husband, Gary Muncy (the "Decedent"), participated in the Plan through his employment with Quanta Services Management Partnership, L.P. ("Quanta"). [*See* Compl. at ¶¶ 6, 8, 20; Ex. 3 at Bates AR00088–92]; *see also* 29 U.S.C. § 1002(16).

13. Five elements are required for a plan to constitute an ERISA-governed employee welfare benefit plan under 29 U.S.C. § 1002(1):

> (1) A 'plan, fund or program' (2) established or maintained (3) by an employer or by an employee organization, or by both (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits (5) to participants or beneficiaries.

*Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982) (en banc). In *Donovan*, the Eleventh Circuit stated:

> [A] plan, fund or program [exists] under ERISA . . . if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.

---

[1] Attached hereto as **Exhibit 3** is a complete copy of the Plan's certificate of insurance and summary plan description (the "SPD").

*Id*. at 1373. The Plan clearly fits within this definition of a Section 1002(1) "plan, fund or program." The intended benefits are the death benefits provided under the Plan. [*See* Ex. 3 at Bates AR00029-38, 61, 73]. The class of beneficiaries includes the eligible employees of Quanta who are enrolled for coverage under the Plan. [*See id.* at Bates AR00042–46]. The source of financing for death benefits is contributions made by Quanta for the basic coverages and employee contributions for the supplemental coverages. [*See id*. at Bates AR00089]. The procedures for receiving benefits are those set out in the SPD. [*See id*. at Bates AR00082-83, 88–92].

14. The Section 1002(1) requirement that an ERISA employee welfare benefit plan be "established or maintained by an employer or by an employee organization, or by both" for the purpose of providing death benefits is also satisfied in that Quanta established and maintained the Plan for the purpose of providing, *inter alia*, death benefits. [*See id*. at Bates AR00088-89].

15. The final Section 1002(1) requirement is satisfied as well—Plaintiff specifically alleges in the Complaint that she is the "sole beneficiary" of the Plan's death benefit. [Compl. at ¶ 9]; *see* 29 U.S.C. § 1002(8).

16. Thus, the allegations of the Complaint clearly establish that Plaintiff is suing to recover benefits under the terms of an ERISA plan. *See* 29 U.S.C. § 1132(a)(1)(B); *see also* [Compl. at ¶¶ 8-9, 13, and Counts I-III]. The declaratory relief and breach of contract causes of action attempted to be stated in the Complaint arise under and are completely preempted by ERISA. Specifically, the Complaint seeks damages based on the failure to provide death benefits allegedly due to Plaintiff under

{07120672.3}   5

the terms of an ERISA Plan and thus seeks payment of benefits covered by ERISA. [*Id*.]. The allegations of the Complaint therefore give rise to a claim only under ERISA, if at all. 29 U.S.C. § 1144; *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 145-48 (1985).

17.     The District Courts of the United States have concurrent original jurisdiction over actions brought to recover benefits under employee welfare benefit plans. 29 U.S.C. § 1132(e); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). Removal of such cases to federal court is therefore proper. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

### III.  DIVERSITY JURISDICTION

18.     This action is also a civil action over which this court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by MetLife pursuant to the provisions of 28 U.S.C. § 1441(a), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

19.     Plaintiff is a "Florida resident" who resided "in Polk County, Florida" at the time she initiated the instant lawsuit. [Compl. at ¶ 2]. Furthermore, Plaintiff owns homesteaded property and pays property taxes in Polk County, Florida. [Attached hereto as **Exhibit 4** is a copy of the Polk County Property Appraiser's Report, 2023 TRIM Notice, 2022 property tax bill, and 2023 property tax bill for Plaintiff's domicile]. Consequently, Plaintiff is a citizen of the State of Florida. *See BGX E-Health LLC v. Masters*, 6:21-CV-1022-WWB-LHP, 2022 WL 9964905, at *3 (M.D. Fla. Oct.

{07120672.3}                                                   6

17, 2022) (explaining that an individual's domicile at the time of the lawsuit's filing determines the individual's citizenship for diversity purposes and that the Court may consider, inter alia, the location of real property and tax payments when determining an individual's domicile).

20. The Complaint identifies MetLife as a foreign corporation, which is based in New York. [*See* Compl. ¶ 3]. Indeed, MetLife is a New York corporation with its principal place of business in New York, New York. *See* 28 U.S.C. § 1332(c). [Attached hereto as **Exhibit 5** is a true and correct copy of the Florida Division of Corporations "Detail by Entity Name" for MetLife]. Therefore, MetLife is a citizen of the State of New York.

21. Here, the amount-in-controversy well exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs, because the death benefits sought under the Plan total $500,000.00. To be clear, the Complaint asserts (under Count II) that "MetLife owes Muncy $250,000 in proceeds from the Accidental Death Insurance policy," [Compl. ¶ 43], and (under Count III) that "MetLife owes Muncy $250,000 in proceeds from the Supplemental Accidental Death Insurance policy," [Compl. ¶ 49]. Thus, Plaintiff's allegations satisfy the jurisdictional amount-in-controversy.

IV. ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

22. MetLife is the only properly-served named defendant to this action. As such, no other defendant(s) need to join or consent to removal.

23. Venue is proper in this district under 28 U.S.C. § 1441(a) because this

district embraces the court in which the removed state court action was pending.

24. A Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached, will be promptly filed in the state court action.

25. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

WHEREFORE, MetLife further gives notice that the above-entitled action, now pending against it in the Circuit Court of the 10th Judicial Circuit in and for Polk County, has been removed therefrom to this Court on the grounds of federal question jurisdiction and diversity jurisdiction.

Dated: January 31, 2024          By: /s/ *Jeannine C. Jacobson*
                                 Jeannine C. Jacobson / FBN 58777
                                 Damien K. Reynolds / FBN 1019753
                                 Maynard Nexsen, PC
                                 9100 S. Dadeland Blvd., Suite 1500
                                 Miami, FL 33156
                                 Telephone: (305) 735-3752
                                 E-mail: jjacobson@maynardnexsen.com
                                         damien.reynolds@maynardnexsen.com
                                         vorellanos@maynardnexsen.com
                                 *Counsel for Defendant*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on January 31, 2024, a true and correct copy of the foregoing has been served by electronic filing through the CM/ECF system, which will send notice to the parties to this litigation as follows:

John Marc Tamayo, Esq.
Robert J. Aranda, Esq.
Campbell, Trohn, Tamayo & Aranda, P.A.
1701 South Florida Avenue
Lakeland, FL 33803
Tel: (863) 686-0043
Email: j.tamayo@cttalaw.com
   r.aranda@cttalaw.com
   c.velez@cttalaw.com
   p.roop@cttalaw.com
   w.medich@cttalaw.com
*Counsel for Plaintiff*

                */s/ Jeannine C. Jacobson*
                Jeannine C. Jacobson, Esq.